# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 14-2483 FMO (RZx)** | Date | **April 21, 2014** |
|---|---|---|---|
| Title | **Desside Holdings Limited v. Megawine Inc., et al.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | | |
|---|---|---|---|
| Vanessa Figueroa | None | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): | |
| None Present | | None Present | |

**Proceedings:**     (In Chambers) Order to Show Cause Re: Dismissal for Lack of Jurisdiction

On April 2, 2014, Desside Holdings Limited ("plaintiff" or "Desside") filed a Complaint in this court against Megawine, Inc., Boris Shats, and Artem Zastoupailo ("Megawine," "Shats," and "Zastoupailo," respectively). (See Complaint). Subject matter jurisdiction is based on diversity jurisdiction. (See id. at ¶¶ 10-11). Desside, a British Virgins Islands corporation, alleges that non-party Mozel, a Russian company, borrowed millions of dollars from Desside. (See id. at ¶¶ 1-2, 6 & 13-38). Desside further alleges that Mozel transferred millions of dollars to Megawine, and that Mozel defaulted on the loans. (See id. at ¶¶ 42-59). Desside contends that non-party Vadim Tomchin ("Tomchin") is CEO of Mozel and an owner of Megawine, and that Tomchin controlled both entities. (See id. at ¶¶ 2, 23, 61 & 66-78). Plaintiff alleges that Shats and Zastoupailo are Tomchin's family members who received Megawine shares for less than reasonably equivalent value. (See id. at ¶¶ 61, 65, 106, 161-72). Desside's causes of action include breach of contract, unjust enrichment, tortious interference, and fraudulent conveyance. (See id. at ¶¶ 131-72).

The court has limited subject matter jurisdiction and "diversity jurisdiction does not encompass a foreign plaintiff suing foreign defendants." See Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A., 20 F.3d 987, 991 (9th Cir. 1994). The allegations in the Complaint are insufficient to establish the citizenship of the parties. (See Complaint at ¶¶ 6 & 8-9). The Complaint does not identify the principal place of business of Desside. (See id. at ¶ 6). Nor does the Complaint identify the citizenship of Shats and Zastoupailo. (See id. at ¶ 8-9); see Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must (1) be a citizen of the United States, and (2) be domiciled in the state."). Moreover, the Complaint alleges "[o]n information and belief" that Zastoupailo is a California resident. (See Complaint at ¶ 9).

In addition, numerous allegations are directed to non-parties Mozel and Tomchin. (See, e.g., Complaint at ¶¶ 132-48). They may be indispensable parties to this litigation, which could divest this court of diversity jurisdiction. See Faysound Ltd. v. United Coconut Chems., Inc., 878 F.2d 290, 294 (9th Cir. 1989) ("Where an alien is made co-defendant with a citizen-defendant by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 14-2483 FMO (RZx)** | Date | **April 21, 2014** |
|---|---|---|---|
| Title | **Desside Holdings Limited v. Megawine Inc., et al.** | | |

an alien plaintiff . . . there is no jurisdiction over the alien.  If the alien defendant is indispensable, . . . there is no jurisdiction at all.").

Based on the foregoing, IT IS ORDERED that:

1.  No later than **April 28, 2014**, Desside shall show cause in writing why its claims should not be dismissed for the reasons noted above.  Among other things, Desside shall identify its principal place of business, identify the citizenship and residence of defendants Shats and Zastoupailo, and explain whether Mozel and Tomchin are indispensable parties.  Failure to submit a response by the deadline set forth above may be deemed as consent to the dismissal of the action without prejudice.

2.  A copy of all papers filed with the court shall be delivered to the drop box outside chambers at Suite 520, Spring Street Courthouse, 312 North Spring Street, **no later than 12:00 noon the following business day**.  All chambers copies shall comply fully with the document formatting requirements of Local Rule 11-3, including the "backing" requirements of Local Rule 11-3.5.  Counsel may be subject to sanctions for failure to deliver a mandatory chambers copy in full compliance with this Order and Local Rule 11-3.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | VDR |