UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 14-2483 FMO (RZx)** | Date | **May 8, 2014** |
|---|---|---|---|
| Title | **Desside Holdings Limited v. Megawine Inc., et al.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | | |
|---|---|---|---|
| Vanessa Figueroa | None | None | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |// 
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): | |
| None Present | | None Present | |

**Proceedings:** **(In Chambers) Order Re: Supplemental Briefing Re: Order to Show Cause Re: Dismissal for Lack of Jurisdiction**

On April 2, 2014, Desside Holdings Limited ("plaintiff" or "Desside") filed a Complaint in this court against Megawine, Inc., Boris Shats, and Artem Zastoupailo ("Megawine," "Shats," and "Zastoupailo," respectively). (See Complaint). Subject matter jurisdiction is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2). (See id. at ¶¶ 10-11). Desside, a British Virgins Islands corporation, alleges that non-party Mozel, a Russian company, borrowed millions of dollars from Desside. (See id. at ¶¶ 1-2, 6 & 13-38). Desside further alleges that Mozel transferred millions of dollars to Megawine, and that Mozel defaulted on the loans. (See id. at ¶¶ 42-59). Desside contends that non-party Vadim Tomchin ("Tomchin") is CEO of Mozel and an owner of Megawine, and that Tomchin controlled both entities. (See id. at ¶¶ 2, 23, 61 & 66-78). Plaintiff alleges that Shats and Zastoupailo are Tomchin's family members who received Megawine shares for less than reasonably equivalent value. (See id. at ¶¶ 61, 65, 106, 161-72). Desside's causes of action include breach of contract, unjust enrichment, tortious interference, and fraudulent conveyance. (See id. at ¶¶ 131-72).

The court has limited subject matter jurisdiction and "diversity jurisdiction does not encompass a foreign plaintiff suing foreign defendants." See Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A., 20 F.3d 987, 991 (9th Cir. 1994). Numerous allegations are directed to non-parties Mozel and Tomchin, (See, e.g., Complaint at ¶¶ 132-48). They may be indispensable parties to this litigation, which could divest this court of diversity jurisdiction. See Faysound Ltd. v. United Coconut Chems., Inc., 878 F.2d 290, 294 (9th Cir. 1989) ("Where an alien is made co-defendant with a citizen-defendant by an alien plaintiff . . . there is no jurisdiction over the alien. If the alien defendant is indispensable, . . . there is no jurisdiction at all.").

On April 21, 2014, the court issued an order to show cause ("OSC") why plaintiff's claims should not be dismissed for lack of diversity jurisdiction. The court instructed plaintiff to explain whether Mozel and Tomchin are indispensable parties. On April 28, 2014, plaintiff filed its response to the OSC. On May 1, 2014, Desside, Megawine, and Shats filed a Joint Rule 26(f) Report. In the discussion of subject matter jurisdiction, Megawine and Shats "assert that Mozel,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 14-2483 FMO (RZx)** | Date | **May 8, 2014** |
|---|---|---|---|
| Title | **Desside Holdings Limited v. Megawine Inc., et al.** | | |

Vadim Tomchin and Alexander Girda are indispensable parties to the litigation." (See Joint Rule 26(f) Report at 4). Supplemental briefing regarding potential indispensable parties would benefit the court.

    Based on the foregoing, IT IS ORDERED that:

    1. No later than **May 15, 2014**, defendants Megawine and Shats shall file supplemental briefing explaining whether Mozel, Tomchin, and Alexander Girda are indispensable parties, and whether this case should be dismissed for lack of diversity jurisdiction.

    2. A copy of all papers filed with the court shall be delivered to the drop box outside chambers at Suite 520, Spring Street Courthouse, 312 North Spring Street, **no later than 12:00 noon the following business day**. All chambers copies shall comply fully with the document formatting requirements of Local Rule 11-3, including the "backing" requirements of Local Rule 11-3.5. Counsel may be subject to sanctions for failure to deliver a mandatory chambers copy in full compliance with this Order and Local Rule 11-3.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |