1
2
3
4

Michael Machat, No. 109475
Machat & Associates, P.C.
433 N. Camden Drive, Suite 400
Beverly Hills, California 90210
Telephone:  (310) 860-1833
Email: Michael@machatlaw.com

5
6

Attorneys for Defendants
MEGAWINE, INC and BORIS SHATS

7

8

9

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

10

11

12

13

14

15

16

17

18

19

20

21

22

| | |
|---|---|
| DESSIDE HOLDINGS LIMITED, | CASE NO. CV14-2483 FMO (RZx) |
| Plaintiff, | **MEGAWINE AND BORIS SHATS'** |
| | **SUPPLEMENTAL BRIEF RE** |
| | **INDISPENSIBLE PARTIES AND** |
| vs. | **WHY THIS CASE SHOULD BE** |
| | **DISMISSED FOR LACK OF** |
| | **DIVERSITY JURISDICTION** |
| MEGAWINE, INC., BORIS SHATS, | Date:   None set |
| and ARTEM ZASTOUPAILO, | Time:   None set |
| | Place:  The Hon. Fernando M.  Olguin |
| Defendants. | Courtroom 22 – Fifth Floor |

23

24

25

26

27

28

Rule 19 of the Federal Rules of Civil Procedure, as interpreted by the Ninth Circuit, [*Northwestern National Life Insurance Company v. Takeda,* 765 F.2d 815, 821, (9th Circuit 1985)] prescribes a bifurcated analysis to determine whether parties should or must be joined.  The Courts must first consider whether the party is necessary, i.e., whether:

(1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.  Fed.R.Civ.P. 19(a).

If the party is necessary but his joinder will destroy jurisdiction, as is the case here if [Mozel] is joined as a defendant, then the Court must consider whether "in equity and good conscience" the action should proceed without his joinder, i.e., whether he is indispensable. Fed.R.Civ.P. 19(b). In connection with this inquiry, four factors are relevant:

[1] to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; [2] the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; [3] whether a judgment rendered in the person's absence will be adequate, [4] whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.  Fed.R.Civ.P. 19(b).

Mozel,  Vadim Tomchin and Natalia Lukina are necessary parties to this lawsuit because these parties claim an interest relating to the subject of the action and are so situated that disposing of the action in their absence may: (i) as a practical matter impair or impede their ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or

otherwise inconsistent obligations because of the interest.

As the complaint on file in this case makes clear, Mozel has been sued by Plaintiff in Russia for breach of contract, and the resolution of that case is still pending.    Plaintiff has explained that a trial de novo on appeal is pending or is in process.    The complaint also alleges that Vadim Tomchin and his wife Natalia Lukina personally guaranteed the contracts that are the subject of both this lawsuit and the lawsuit in Russia.    Apparently they signed the personal guarantee just before Desside called the loans. [1]

Assuming the facts alleged in the complaint concerning Mozel, Vadim Tomchin and Natalia Lukina are true, then each of them have an interest in this case filed in this Court.    In fact, the record makes clear that Mozel is actively fighting this same case in Russia and that Vadim Tomchin is the force behind Mozel contesting the case in Russia, thereby satisfying the prong of claiming an interest in the subject matter.   Mozel and Vadim Tomchin's absence as a practical matter impairs or impedes their ability to protect that interest.

Mozel and Desside are the only parties to the contracts that are the subject of this lawsuit, and Desside has alleged that both Mr. Tomchin and Ms. Lukina are guarantors.    Principals of Collateral Estoppel would surely come into play at some point in the future if this case proceeds in this Court.

---

[1] Megawine's theory of this case suggests fraud on the part of Alexander Girda, the principal behind Desside, who tricked Mr. Tomchin and his wife Ms. Lukina into signing a guarantee and almost immediately after the guarantee was signed, called the notes in an attempt to obtain some extremely valuable property owned by Mozel and/or Mr. Tomchin and Ms. Lukina.

MACHAT & ASSOCIATES, PC
Attorneys at Law
433 CAMDEN DRVE, SUITE 400
BEVERLY HILLS, CALIFORNIA 99210
Telephone: (310) 866-1833

MACHAT & ASSOCIATES, PC
Attorneys at Law
433 CAMDEN DRVE, SUITE 400
BEVERLY HILLS, CALIFORNIA 90210
Telephone: (310) 860-1833

The doctrine of collateral estoppel, as interpreted in California law, bars parties, or those in privity with them, from relitigating any issue actually litigated, determined, and necessary to the disposition of a former proceeding. *In re Russell,* 12 Cal.3d 229, 233, 115 Cal.Rptr. 511, 513, 524 P.2d 1295, 1297 (1974). Application of the collateral estoppel doctrine thus depends on an affirmative answer to three questions: (1) was the issue decided in the prior adjudication identical to the one presented in the action in question? (2) was there a final judgment on the merits? (3) was the party against whom the doctrine is asserted a party or in privity with a party to the prior adjudication?  *Aguilar v Los Angeles County,* 751 F.2d 1089 (9th Cir. 1985) citing *Levy v. Cohen,* 19 Cal.3d 165, 171, 137 Cal.Rptr. 162, 166, 561 P.2d 252, 256 (1977).

Applying these principals, we see that the breach of contract issues in this proceeding will be identical to the issues that would be raised in a subsequent lawsuit between Desside and Mozel and/or between Desside and Tomchin on the loan guarantee.   Also, since Desside claims that Megawine is the alter-ego of Mozel, Desside must be bound by the logical conclusion that Mozel could be found to be in privity with Megawine and vice versa.    So if a final judgment on the merits were obtained against Megawine, it would necessarily impair or impede Mozel and Tomchins ability to protect their interest.

Moreover, it is possible that the outcome of the current litigation in Russia between Plaintiff and Mozel could differ materially from the outcome in this Court. For instance, it is quite possible that Mozel has offsets available to it that will be applied in the Russian litigation and that Megawine is unaware of these offsets and would be unable to prove the offsets due to the unavailability of evidence from Mozel and Tomchin and Lukina.

In *Aguilar v Los Angeles County, supra,* the 9th Circuit affirmed a District Court ruling that held a minor was an indispensible party to a suit brought by his parents that concerned medical injuries to the child finding that the child who was pursuing his own action for postmajority damages in state court might be collaterally estopped if his parents were unsuccessful in their action in District Court.    Similarly, if Megawine is unsuccessful in its defense of the underlying contract in this Court, Mozel and Mr. Tomchin may be collaterally estopped. Some courts have gone so far as to proclaim, "It goes without saying that parties to a contract are necessary ones." *Hall v. Club Corporation of America,* 33 Fed. Appx, 873, 2002 WL 554361 (9th Cir. 2002) quoting *Crowley v. Duffrin,* 109 Nev. 597, 855 P.2d 536, 540 (1993).

As the Court in *Northwestern National Life Insurance Company v. Takeda*, 765 F.2d 815, 821, (9th Circuit 1985) reasoned citing Aguilar supra, "*Aguilar* makes clear that we need not conclusively determine how collateral estoppel would operate in future litigation. 751 F.2d at 1094. "Rule 19 speaks to *possible* harm, not only to certain harm." *Id.* (emphasis in original)." There is no getting around the likely collateral estoppel finding.  Thus, Mozel, Vadim Tomchin, and Natalia Lukina are necessary parties.

Proceeding with the next part of the analysis, the Court must consider whether "in equity and good conscience" the action should proceed without his joinder, i.e., whether he is indispensable. Fed.R.Civ.P. 19(b). In connection with this inquiry, four factors are relevant:

> [1] to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; [2] the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; [3] whether

MACHAT & ASSOCIATES, PC
Attorneys at Law
433 CAMDEN DRVE, SUITE 400
BEVERLY HILLS, CALIFORNIA 99210
Telephone: (310) 860-1833

MACHAT & ASSOCIATES, PC
Attorneys at Law
433 CAMDEN DRVE, SUITE 400
BEVERLY HILLS, CALIFORNIA 99210
Telephone: (310) 860-1833

a judgment rendered in the person's absence will be adequate, [4] whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder.   Fed.R.Civ.P. 19(b).

The first factor has already been discussed above.   There is a substantial risk the non-joined necessary parties will be collaterally estopped.   It would be unfair for Mozel to have to rely upon Megawine to plead its case against Desside as well as impractical, since Megawine does not know what Mozel knows.   The complaint indicates that Mozel has had a long trading history with Desside; that Desside had given Mozel working capital lines of credit; and that suddenly payments stopped after years of trading and satisfactory payments made.   Obviously something happened to cause the dispute.   Megawine suspects fraud on the part of Alexander Girda.   It is not in a position to prove Mozel's case against Desside, and it would be unfair for it to be put in a position where it had to.   In particular the conversations Alexander Girda, the true economic owner of Desside, had with Vadim Tomchin and Natalia Lukina prior to their signing of the guarantee document is critical evidence for a defensive claim of offset and the counter-claims of fraud and tortious interference with Mozel's business.   Megawine would need the participation of these entities as parties, to present admissible evidence to rebut the breach of contract claim.   Moreover, since the claims belong to Mozel, Mozel should be the one presenting their defenses.

Plaintiff's response to the Court's Order to show cause  why  Mozel and Tomchin are not indispensible parties obfuscates the matter through its use of circular logic.   Plaintiff seeks to prove, and posits that Megawine is the alter ego of Mozel, and as the alter-ego of Mozel, breached the alleged contract between Desside and Mozel.   Then in its response to the Court's Order to Show Cause,

Plaintiff begins its argument that Mozel is not indispensible with the premise it ultimately seeks to prove, that Megawine is the alter-ego of Mozel.   Plaintiff argues that since Megawine and Mozel are alter egos of one another, Mozel will be adequately represented by Megawine.   Plaintiff  incorrectly states (page 8, lines 24-28) that if this case were to proceed then Mozel would not be bound by principles of res judicata or collateral estoppel.   But then Plaintiff contradicts itself by contending elsewhere in its brief (at page  10, lines 18-25)  "Mozel and Megawine's interest is the same and there is no indication that Megawine will litigate this case with any less vigor in Mozel's absence." The reality is Megawine is not the alter-ego of Mozel, and Megawine is not in a position (nor should it be obligated) to argue Mozel's claims and defenses against Desside.

Addressing the second factor, it is possible that the parties could stipulate that this case be stayed pending the resolution of the case in Russia, but that would not fully address the collateral estoppel issues and the possibility of inconsistent judgments.  Desside should wait for the matter in Russia to be resolved, and then if Desside obtains a judgment, have Desside attempt to domesticate the judgment in California before proceeding.

Addressing the third factor, a judgment in the amount sought by Plaintiff against Megawine as the alter ego of Mozel would not be adequate in any event since the tax returns attached to the pleadings show that Megawine does not have the assets sought.   Megawine hardly does $30 Million in annual revenue in a low margin business.    Mozel, on the other hand, was (or still is) doing $300 Million in annual business, hence the line of credit of $30 Million was affordable.    Plaintiff couldn't possibly collect from Megawine the $30 Million amount it seeks, making this proceeding a waste of judicial resources without the larger company Mozel

MACHAT & ASSOCIATES, PC
Attorneys at Law
433 CAMDEN DRVE, SUITE 400
BEVERLY HILLS, CALIFORNIA 99210
Telephone: (310) 860-1833

being joined.

Turning to the fourth factor, of course Desside has adequate remedies if this action is dismissed for non-joinder.    For instance, it is already pursuing the breach of contract in Russia.   It could wait until that case is adjudicated,  obtain a judgment, try to domesticate it here in California, and then re-file.  But more to the point, they could easily re-file this matter in the Los Angeles Country Superior Court.

Plaintiff has stated that for diversity jurisdiction purposes, Desside is an alien.  Plaintiff also stated that Mozel is a Russian company, and hence an alien too.[2] If Mozel is joined as a defendant, as it must be since it is an indispensible party, then its joinder will destroy diversity jurisdiction.   Therefore this case must be dismissed.

The foregoing analysis centers on the essential gravamen of the complaint – breach of contract.   Desside's restitution claim is so related to the breach of contract claim that it too should be dismissed.    The same goes for tortious interference claim and the claim regarding the transfer of stock.   The breach of contract claim needs to be determined first before the claims for tortious interference and fraudulent conveyance of a stock certificate become relevant. Therefore this case must be dismissed in its entirety.

Counsel suspects that if Mozel or Vadim Tomchin were defending this case, they would file a counterclaim against Alexander Girda for fraud for inducing them to sign a personal guarantee on a note already past due and then almost immediately

---

[2] (Counsel for Megawine and Boris Shats believes that Vadim Tomchin and his wife Natalia Lukina may be US Citizens, but is not certain.)

MACHAT & ASSOCIATES, PC
Attorneys at Law
433 CAMDEN DRVE, SUITE 400
BEVERLY HILLS, CALIFORNIA 99210
Telephone: (310) 866-1833

1   thereafter calling the past due note.   There appears to be a dispute of a personal

2   nature between these parties, and without them all here, it will be difficult to get to

3   the bottom of it.    However, since Alexander Girda is an alien as well as Plaintiff

4   Desside, his joinder as a plaintiff will not affect the diversity jurisdiction of this

5   Court.

6

7       In conclusion, since Mozel is a necessary party and indispensable, and since

8   both Plaintiff and Mozel are aliens, this case should be dismissed for lack of

9   diversity jurisdiction.

10

11

12                                      Respectfully submitted,

13                                      Machat & Associates

14

Dated:  May 15  , 2014          By:    /s/ Michael Machat

15                                      Michael Machat, Esq.

16

17                                      Attorneys for Defendants

18                                      Megawine, Inc. and Boris Shats

19

20

21

22

23

24

25

26

27

28

MACHAT & ASSOCIATES, PC
Attorneys at Law
433 CAMDEN DRVE, SUITE 400
BEVERLY HILLS, CALIFORNIA 99210
Telephone: (310) 860-1833